I don't have too much to say about this case, and that's not in my briefs in total. There was very much a concern on my part, as I was the counsel in the lower court, that this arrest of Mr. Villegas was egregious. To this day, we believe, the man was arrested for playing soccer. To the extent of what the police and the U.S. Attorney's Office did in order to disguise the nature of the arrest, to disguise the discovery of an informant, was also egregious. Your Honor, we were never aware that there was an informant. It wasn't until I had lunch with a colleague who was representing a co-defendant, or another arrestee, I should say, not a co-defendant, that I learned that in his discovery there was an informant. The fact that this was all kept very quiet and not disclosed, there were no reports of investigation that dealt with probable cause or what went on in this case, we were talking in the dark here. Your Honor, we filed a motion for discovery on the informant when we learned about the informant, which was denied, and we also asked for suppression of the evidence that led up to the finding of the identity of my client, which was also denied after an in-camera hearing. We challenged the procedure that Judge Morrow used in conducting that in-camera hearing in that Judge Morrow did not have the informant come before her, but had the agent come before her and testify in-camera. Yes, we were invited to submit questions to the agent, which I did. However, Your Honors, the problem is that when you ask questions, you usually have a foundation to base that question upon, but when you're asking questions in the dark and kept in the dark, there's no way to know what questions to actually ask. So we asked some broad-ranging questions as to foundational issues, but not without a report of the investigation, without even a report of the investigating officer to ask those questions, there's no way for us to know whether there's probable cause or not. And to this day, Your Honor, I can't tell you, other than the fact that Judge Morrow found that there was probable cause, as far as we're concerned, my client was arrested for playing soccer. But I think what you have to argue is that it was wrong for the district court to have proceeded in-camera or in secrecy in this way. So it's possible, and as legal as it's not, it's appropriate for a district court to do exactly what the district court did here, and if that's necessary to protect the well-being or the safety of the informant, then we can use that in-camera evidence and those findings and those things against your client. And yet you never know about it. But why was that not proper here? Because, Your Honor, the judge didn't do that. The judge did not question the informant. The judge did not bring in the informant. The judge questioned the agent. We almost have a double hearsay. And then the judge relies on the agent saying, yes, if all these things are true, then the safety of the informant is an issue, and therefore I'm not going to disclose the informant. What's wrong with that? Because the judge had the duty to weigh the credibility of the informant herself and not through the eyes of an agent. Do you have a case on that? I believe I cited one in my brief, Your Honor. Okay. Well, we'll look for it. Towards the back part of my brief, we did discuss the procedures that the court should have taken in questioning the informant and making her own determination as to the informant's knowledge of the case. Well, number one, the existence of the informant itself. Number two, the informant's knowledge of the case and the informant's knowledge of the appellant personally and not a blanket statement where evidently this same informant dealt with all 11 individuals who were arrested at this park. We don't know what this informant knew about Mr. Villegas as opposed to Mr. Smith or Mr. Jones or whoever else was picked up in the park that afternoon. You're saying the agent could have just made it all up and you wouldn't know that. Well, I wouldn't know that, Your Honor, no. And it has been known to happen. Not saying that this agent did make it up, I'm just not in a position to address that. And I don't think the court is either. And Judge Morrow wasn't. Although she could have judged the credibility of the agent, she had no ability to judge the credibility of the informant. So do you think in every case the district court has to look the informant in the eye or makes a reversible error by not doing so? I think in this case, Your Honor, it's certainly... How about every case? In every case, I think as a rule of thumb, yes, Your Honor, the district judge should test the credibility of the informant directly. And I think, Your Honor, by not doing so... And the cases that say that are in your brief. Well, I believe it's one case, Your Honor, that I do cite the premise that there should be a procedure or process that the district court should follow in making a determination as to the credibility of the informant's testimony as to an individual defendant. And I alluded to some a few minutes ago. Other than that, Your Honors, I don't have much more to say about this issue because, as I said, I don't know what the credibility of the informant was, what the probable cause was, if there was in fact a probable cause. I'd like to reserve some of your time. I would, Your Honor. Thank you. Okay, Mr. Silver, please proceed when you're ready. May it please the Court. Eric Silver on behalf of the United States. The district court here found that the defendant was arrested not based on playing soccer, but based on the information provided by a confidential source, and that there was a strong basis for finding the confidential source, the information at least provided to the agent, and that there was a substantial basis of knowledge in this case. But she did that because she found the agent to be reliable and a good witness and believable and all of that. Well, I think that's actually ultimately the inquiry when you're judging. Maybe it is. I don't know. Well, in probable cause, I think it's important to take a step back and say that the agent ordinarily would be the focus of the probable cause inquiry. It doesn't matter ultimately if what the confidential source told the agent was untrue. I mean, if the confidential source had been untruthful, as long as the agent didn't know about the untruthfulness at the time that they made the arrest, since probable cause is judged at the time of the arrest, there wouldn't be a problem in this circumstance. So in actuality, the agent is the most natural person to have testify about this at the time of the proceeding that took place here because it's important what the agent knew, not necessarily what the confidential source knew. Also, hearsay is admissible at suppression hearings. There's nothing out of the ordinary of what took place here. You're allowed to have the agent testify about this type of behavior. This court in Anderson made clear that there's wide discretion on how you conduct the hearings. And in fact, Anderson is very close to this case. Factually, Anderson also involved the warrantless arrest and also involved there was some information on reliability that was provided as part of the kind of open proceedings in the case, which is the same as what took place here. The information as to reliability was in the affidavit. In Anderson, like this case, the government wanted to provide information about the basis of knowledge in camera because it would reveal the identity of the confidential informant. The court did that in that case. It did not permit defense counsel to participate. And this court affirmed it was the agent in Anderson that testified. It was not the confidential informant. And this court affirmed and said it was not an abuse of discretion. The district court cited that case in its decision, as well as Dela Santos, a Fifth Circuit case, which had reached the same conclusion. I'd also note, at least as to the issue about whether the confidential informant should be called, the defendant here, and this is at government section of record page 13, didn't ask to even have any kind of examination here. The court asked him, do you want to examine witnesses or do you just want to see the filing of the government? And he indicated that he just wanted to see the filing that the government had made, not to call witnesses. At government section of record 18, the district court was going through the options that it had available to it. And the court listed, well, I guess I could call the confidential informant in, but I don't understand the defendant to be asking for that. And the defendant didn't object and say, I am asking for that. That's what I want to have happen in this circumstance. And then the questions that were submitted to the court for use in this proceeding, at least my review of them, they didn't specifically address whether there was a confidential informant. So, I mean, I don't think the defendant was asking for that and the district court can really complain about it. I would also note, in Fixon, the exact same claim was made, that there was no confidential informant in that circumstance and it was all made up. And this court in Fixon held that it wasn't an abuse of discretion, not even to not hold the hearing in that circumstance, much less require the confidential informant to come in and testify. So in the setting of this case, how would the appellant's counsel have known there was a confidential informant? They wouldn't have known to have checked, right? At, I guess, at what stage? At the stage of the hearing before the district judge. Well, at that time, they did know there was a confidential informant and we, in fact, had submitted the declaration, which indicated that the information was based on information provided by a confidential informant. We specifically said in the affidavit the reliability about the confidential source, actually, being reliable in the past and said it resulted, his information resulted in numerous arrest convictions and recovery of jury. What the affidavit didn't indicate primarily was the basis of knowledge because that was the information that the government explained at the initial public hearing on this that would reveal the identity of the confidential source. And the district court here followed precisely the procedure that this court approved at Anderson. So I don't think that, I mean, I think it did exactly what it was supposed to do. In fact, it did more than what was done in Anderson because in Anderson there's nothing in the record that indicates that the court in that case even permitted defense counsel to provide questions, or at least here the court went out of its way to permit that. You're saying defense counsel, after being provided with the declaration, did not pose questions relating to the confidential source? Defense counsel was provided with the declaration as to the reliability and had noticed that we had filed under seal another affidavit. And that affidavit, I think it's clear from the record, dealt with the basis of knowledge. When the initial hearing that was scheduled to take place on this, and this is at Government Section Record 13, the court specifically asked, what is it you want, do you want to call witnesses or do you just want to see what it is the government provided? And defense counsel indicated he wanted to see what the government provided. It wasn't about calling witnesses. And that's why when the Court of Government Section Record 18 indicated that I guess it could call the informant to come in and testify, but that wasn't what the defendant was asking for. That's what it was referring to at that point, which was back to the discussion that had been made previously, that that's not what defense counsel really wanted here. So in fact, I think what's clear from the record is the district court was going out of its way to satisfy its own concerns in this case, not any specific request of defense counsel here. It used specifically the procedures that this court approved of at Anderson and specifically cited Anderson and, in fact, did more than was required in that case. I would also note, at least as specifically as it relates to confidential sources and informants, there would be two other concerns in forcing them to testify in this circumstance. The first would be it would certainly discourage anonymous confidential informants as you had in Illinois v. Gates. I mean, that case indicated that you couldn't really have a rule that would interfere with anonymous informants in general, and if you have to have the informant testify at this in-camera hearing, I don't know how you could have an anonymous informant. So I'm not sure a per se rule would be permissible. I would also note simply having the confidential source or informant show up at the court proceeding itself has the danger of revealing the identity of the confidential source or informant. I mean, defense counsel, defendant can be present outside the courtroom. They can see the individual. I'm not sure without some questions being raised at the hearing itself why that's necessary. I mean, here if the district court in its examination of the agent had had some questions about the agent's credibility, it certainly in that circumstance would have been reasonable to call in the confidential source at that point. But as we indicated, the agent is the focus of the probable cause inquiry, and what the district court did here was appropriate. I'd be happy to answer any further questions on that or any questions about whether the fingerprints in general as opposed to a particular fingerprint card are suppressible if the court has any questions. Otherwise, the government would submit. Thank you very much. Mr. Silver, Mr. Newman. Thank you, Your Honors. Pleased to court again. I did find the case that I referred to in my brief. It's an out-of-district case, the United States v. Redrick, 90 Fed 3rd, 1276 at 1280. It's a Seventh Circuit's case out of 1996, and I did footnote a case that was not published from this district in U.S. v. Hayes and 13 Fed Approx, 708, 2001, Ninth Circuit for the proposition of the procedures. Now, Your Honor, I don't know if Learned Counsel for the Respondent has ever tried to ask questions inside a box. We were trying to do a sequential discovery of information with regard to the credibility of the informant. This was not an anonymous informant. This was a confidential informant, which was different. There were certainly procedures to ensure the safety of an informant and to hide him. There's inside elevators in the U.S. courthouse, in Roybal Building, and also in the 312 Spring Street Old Courthouse. There are inside elevators. There's underground entryways. There's all sorts of ways to protect an informant's identity. Plus, it's very simple for the judge to have just ordered us not to be present even outside in the hallways of the courthouse. But other than a rule that would say you had to do this in every case, why would you have to do that here if the district court examines the agent and is satisfied that the agent acted reasonably upon the information from the informant? Because, Your Honor, I think that, once again, as I said before, I think it's the judge's obligation to analyze the reliability of the informant himself and that the judge cannot do that through the eyes of an agent. We don't seem to have that rule. In fact, the rule seems to be otherwise. Well, Your Honor, I think that if that is the rule otherwise, then the rule is wrong in that and we've learned through the egregious police abuse cases that we've just suffered over the last maybe, let's say, five to ten years of the falsifications of certain law enforcement. I'm not saying that this law enforcement officer was corrupt in any way whatsoever. I just don't know. And I think the court, Judge Morrow, has that burden to make an independent finding. She's an independent branch of the government. She is not part of the executive branch or the Department of Justice. And she has to make those findings in order to, particularly when it's all done in secret, in-camera findings, as the government says. They made in-camera submissions of affidavits that we weren't privileged to, even in the submission of questions or her questioning of the agent. Just totally done in secret, behind the back, from the very beginning of this case. Very questionable as to why this was done so secretly. If you want to talk about probable cause, the agent himself did not have probable cause to arrest Mr. Villegas at that park on that day. If he had probable cause that came from some other source, from some other information that he had, then he should have been able to go out and get a warrant and come in and make a lawful arrest for the purposes of whatever purposes the government had at that point, whether it was jewelry robbery or being an illegal alien in the United States. And with that, Your Honor, I submit and I thank you very much for your time. Thank you. I appreciate the argument of counsel. Hold on one second, gentlemen, please. All right, thank you. This case shall be submitted again with thanks for the fine arguments.
judges: Thompson, Gould, T.G. Nelson